**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DISTRICT**

| | |
|---|---|
| MOHAMED KAKE | * |
| Plaintiff, | * |
| v. | *   Civil Action No. AW-07-1559 |
| PENSKE TRUCK LEASING CO., LIMITED PARTNERSHIP | * |
| | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Mohamed Kake ("Plaintiff") brings this employment discrimination action against Defendant Penske Truck Leasing Co., Limited Partnership ("Defendant"). Currently pending before the Court is Defendant's Motion for Summary Judgment as to Count IV of the Complaint [8]. Plaintiff contests this motion. The Court has reviewed the entire record, as well as the pleadings with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons set forth below, this Court will DENY Defendant's motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

The following facts are either undisputed or viewed in the light most favorable to the Plaintiff. Defendant is a transportation service corporation and operates a facility in Capital Heights, Maryland where Plaintiff currently serves as a Customer Service Representative. Plaintiff is a dark-skinned African Muslim male, born in Guinea, West Africa. Plaintiff was hired by Defendant as a Customer Service Representative in January 1993. In December 2004, Plaintiff was denied a promotion for a Utility Technician position. On or about July 27, 2005, Plaintiff filed an

administrative charge of discrimination ("Charge I") with the Maryland Commission on Human Relations ("MCHR") and the Equal Employment Opportunity Commission ("EEOC"), contending that he was discriminated against and denied a promotion for a Utility Technician position because of his race, religion, and national origin.

On April 27, 2007, Plaintiff filed a four-count Complaint in the Circuit Court for Prince George's County, Maryland against Defendant, alleging: (1) discrimination in the promotion process based on race (Count I); (2) failure to promote based on national origin (Count II); (3) discrimination in selecting employees for promotion based on religion (Count III); and (4) retaliation against Plaintiff for filing the EEOC charge, including non-selection for the promotion, micro-management and selective oversight of Plaintiff's work performance (Count IV). Defendant removed the case to this Court on June 12, 2007, on the grounds of federal question jurisdiction.[1]

On June 20, 2007, Defendant filed a Motion for Summary Judgment as to Count IV of the Complaint [8]. Defendant argues that Plaintiff failed to exhaust his administrative remedies with regard to the acts of retaliation alleged in the Complaint. On June 25, 2007, Plaintiff filed a separate charge ("Charge II") of retaliation with the EEOC against Defendant. The EEOC subsequently issued a Notice of Right to Sue on August 28, 2007. Shortly after receiving this notice, Plaintiff filed a Supplemental Memorandum in Opposition to Defendant's Motion for Summary Judgement [14] on August 30, 2007, providing the Court with the EEOC's Notice of Right to Sue Letter on the basis of Plaintiff's retaliation charge. In light of Plaintiff's Supplemental memorandum, the Court will deny Defendant's Motion for Summary Judgment as to Count IV of Plaintiff's Complaint.

---

[1] Plaintiff seeks relief under Title VII of the Civil Rights Act of 1964.

**STANDARD OF REVIEW**

*Motion for Summary Judgment*

Under the Federal Rules of Civil Procedure, summary judgment is appropriate only if there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). When ruling on a motion for summary judgment, the court must view the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Anderson v. Liverty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The moving party discharges its burden by showing an absence of evidence to support the non-moving party's case. *Celotex*, 477 U.S. at 325. When faced with a motion for summary judgment, Rule 56(e) requires the non-moving party "to go beyond the pleadings" and show the existence of a genuine issue for trial, by way of affidavits, deposition testimony, or answers to interrogatories. *Id.* at 324; *see also Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). While the evidence of the non-movant is to be believed and all justifiable inferences drawn in his or her favor, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.,* 152 F.3d 326, 330-31 (4th Cir. 1998); *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

**ANALYSIS**

Defendant asserts that Plaintiff failed to exhaust his administrative remedies for the retaliation claim because none of the alleged acts of retaliation in Plaintiff's Complaint were contained in Plaintiff's initial charge of discrimination, Charge I. To bring a private suit for discrimination under Title VII, an individual must first exhaust the administrative enforcement process available through the EEOC. *Chacko v. Patuxent Inst.*, 429 F.3d 505, 508-09 (4th Cir. 2005) (citing 42 U.S.C.

§2000e-5(b), (f)(1)).  There is, however, an exception to that rule.  The Fourth Circuit has held that "[t]he scope of a Title VII lawsuit may extend to any kind of discrimination like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case before the Commission." *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir. 1992).

*I. Charge I*

In Charge I, Plaintiff checked the box marked "Retaliation" and stated a claim for retaliation in his EEOC charge narrative, alleging that he was given a write-up after complaining about his denial of promotion in April 2005.  Plaintiff alleged no other retaliatory conduct in Charge I.  Plaintiff also checked the box for "Continuous Action."  In his formal Complaint before the Court, Plaintiff alleges that he was retaliated against subsequent to filing the EEOC charge.  This alleged retaliation, which occurred in the spring of 2005 and in 2006, included micro-management and selective oversight of Plaintiff's work performance by Defendant's management.  Plaintiff further alleges that Mark Goldfarb, Plaintiff's supervisor, further retaliated against him by refusing to meet with Plaintiff to discuss personnel file, and treated Plaintiff in an abusive and hostile manner.  Plaintiff, who is currently employed with Defendant's corporation, noted that the retaliatory acts were ongoing and that he was still being subjected to hostility.

The Court is of the opinion that Plaintiff's initial charge was sufficient to satisfy the exhaustion requirement under Title VII.  Congress enacted Title VII's exhaustion requirement with the intention that it serve the primary purposes of notice and conciliation. *Chacko*, 429 F.3d at 510. Plaintiff's charge notifies the employer of the alleged discrimination. *Id.*  Here, Plaintiff checked the box for retaliation, mentioned the word retaliation in his factual narrative, and noted that the discrimination was continuous action.  Although the alleged retaliation described in Count IV of

4

Plaintiff's complaint includes conduct not mentioned in Plaintiff's first EEOC Charge, the Court believes that the conduct is reasonably related to the earlier allegations of retaliation in Charge I. Moreover, the Court notes that the retaliatory conduct alleged in the formal Complaint, according to Plaintiff, occurred after Plaintiff filed Charge I with the EEOC.  Thus, if these alleged acts occurred after Plaintiff filed the first EEOC charge, it would not be possible for Plaintiff to describe such acts in the initial charge.

The Court believes that Plaintiff satisfied the exhaustion requirement by claiming retaliation in Charge I.  This is consistent with the purpose of putting the employer on notice of the alleged discrimination. The Court also believes that the scope of Plaintiff's Title VII lawsuit should extend to the retaliation described in the Complaint, as it is reasonably related to and grew out of the initial charge.  Therefore, the Court finds that Plaintiff's first EEOC charge was sufficient to satisfy the exhaustion requirement.

## II. *Charge II*

Although the Court believes that Plaintiff's first EEOC charge was sufficient, the Court will briefly discuss Plaintiff's second EEOC charge ("Charge II") of retaliation, which Plaintiff filed on June 25, 2007. In regard to the necessity of filing a separate EEOC charge, the Court recognizes that retaliation has been treated somewhat differently than other Title VII claims.  Notwithstanding Plaintiff's filing of Charge II, the Fourth Circuit explicitly held that a separate administrative charge is not a prerequisite to a suit alleging retaliation for filing the first administrative charge. *See Nealon*, 958 F.2d at 590.  Therefore, the Court notes that Plaintiff was not required to file a separate charge to satisfy the exhaustion requirement.  However, even if Plaintiff was required to exhaust his administrative remedies regarding his retaliation claim, he has done so with his second EEOC

charge, which was also related to the original charge.

Moreover, the court recognizes that the EEOC has issued a right to sue letter on Plaintiff's second retaliation charge. Therefore, taking into consideration that Plaintiff currently has one case before the Court and to prevent the Court from having two separate cases on related claims, the Court will allow Plaintiff's retaliation claim to proceed. Accordingly, the Court will deny Defendant's motion.

## CONCLUSION

For all of the aforementioned reasons, the Court will DENY Defendant's Motion for Summary Judgment as to Count IV (Doc. No. 8). An Order consistent with this Memorandum Opinion will follow.

Date:  November 19, 2007                              /s/
                                              Alexander Williams, Jr.
                                              United States District Court Judge